IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORH CAROLINA
CHARLOTTE DIVISION
3:17-cv-400

| | |
|---|---|
| BARBARA BOONE, *as Administratrix of the Estate of Eugene Boone*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| DUFFY BOX & RECYCLING, INC., BRIAN C. MORAN, JOHN DOE, *an employee or agent of Duffy Box & Recycling, Inc.*, GREIF INDUSTRIAL PACKAGING & SERVICES, LLC, GREIF PACKAGING, LLC, and GREIF, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the Court upon the Plaintiff's Motion to Remand to State Court (Doc. No. 9) and the Motion to Dismiss filed by Defendants Duffy Box and Brian Moran (Doc. No. 4). These Motions are ripe for disposition. For the following reasons, Plaintiff's Motion to Remand is granted and Defendants' Motion to Dismiss is denied without prejudice.

**I. BACKGROUND**

Plaintiff's Decedent, Eugene Boone, was a tractor-trailer driver employed by Cowan Systems, LLC ("Cowan"). On May 23, 2016, Eugene Boone's tractor trailer was loaded with corrugated cardboard at a facility in Greensboro, North Carolina, that is owned and operated by Defendant Duffy Box & Recycling, Inc. ("Duffy Box"). Eugene Boone then drove to a facility in Blackstone, Virginia, that is owned and operated by Greif Industrial Packaging & Services, LLC, Greif Packaging, LLC, and Greif, Inc. (collectively, "the Greif Defendants"). When he

1

arrived at the Blackstone facility and opened one of the trailer doors, a cardboard bundle weighing approximately 800 pounds fell out of the trailer onto Eugene Boone, causing his death.

Plaintiff Barbara Boone alleges that Defendant John Doe, an unidentified agent or employee of Duffy Box, improperly loaded the tractor trailer at the Greensboro facility in a manner that created an unreasonable danger. She also alleges that Defendant Brian Moran ("Moran"), an owner of Duffy Box and the manager of the Greensboro facility, was negligent in hiring, training, supervising, and entrusting John Doe, and in failing to implement necessary safety procedures and inspections.

As administratrix of her husband's estate, Boone brought this cause of action in the Superior Court of Mecklenburg County on June 9, 2017, raising eight claims for relief: (1) negligent and wanton conduct by Duffy Box, (2) breach of contract by Duffy Box, (3) negligent and wanton conduct by Moran, (4) negligent and wanton conduct by John Doe, (5) vicarious liability of Duffy Box, and (6-8) negligent and wanton conduct of each of the Greif Defendants.

The named defendants collectively removed this action to federal court on July 11, 2017. Defendants Duffy Box and Moran subsequently filed a Motion to Dismiss on July 18, 2017, and Boone filed a Motion to Remand on July 31, 2017.

## II. MOTION TO REMAND

Plaintiff filed this Motion to Remand asserting that this Court lacks subject matter jurisdiction over the cause of action. Specifically, Plaintiff claims that the presence of Defendants Brian Moran and John Doe destroys diversity jurisdiction.

Barbara Boone is a citizen and resident of the State of North Carolina. Brian Moran is a citizen and resident of the State of North Carolina. Although his identity has not been revealed

2

by the named defendants, Boone alleges that John Doe is also a citizen and resident of the State of North Carolina.

Any civil action filed in a state court may be removed by a defendant to federal court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts have original subject matter jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *Id.* § 1332(a). Removal on the basis of diversity jurisdiction is only permissible if there is complete diversity, such that none of the "properly joined and served" defendants are citizens of the same state as the plaintiff. *Id.* § 1441(b)(2). Additionally, "the citizenship of defendants sued under fictitious names shall be disregarded" in assessing subject matter jurisdiction. *Id.* § 1441(b)(1).

Defendants, in their Notice of Removal and subsequent memoranda, assert that Brian Moran is fraudulently joined, must be dismissed from the case, and must not be considered for purposes of establishing diversity jurisdiction.

**A. Standard of Review**

The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, a remand is necessary "[i]f federal jurisdiction is doubtful." *Id.* "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F. 3d 229. 232 (4th Cir. 1993)).

Defendants do not assert any fraudulent intent on the part of Boone, but rather argue that there is no possibility that Boone could maintain an action against Moran in state court. Accordingly, Defendants bear the "heavy burden" of showing "that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* Thus, this Court must rule for Boone if there is "any reasonable possibility that a state court would rule against the non-diverse defendant." *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1995) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

### B. Discussion

Boone alleges six grounds in which Moran was negligent: (1) for "fail[ing] to implement necessary guidelines, procedures, and standards in the loading of products onto trailers to prevent the loads from shifting or collapsing when the trailer is opened;" (2) for "fail[ing] to reasonably supervise the loading of the subject trailer;" (3) for "fail[ing] to reasonably inspect the loading of the subject trailer;" (4) for negligently hiring John Doe; (5) for negligently training John Doe; (6) and for negligently entrusting John Doe to safely load the trailer. (Compl., 11–12).

In order to assess the validity of Boone's claims against Moran, this Court must first determine which state's law governs the dispute. A federal court sitting in diversity must apply the choice-of-laws rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Demetres v. E. W. Constr.*, 776 F.3d 271, 273 (4th Cir. 2015). Thus, the choice-of-law rules of North Carolina apply to this matter. North Carolina applies the *lex loci delicti*, the law of the situs, approach to determine the substantive rights of the parties. *Boudreau v. Baughman*, 368 S.E.2d 849, 854 (N.C. 1988). For tort actions, "the state where the injury occurred is considered the situs of the claim." *Id.* Here, it is undisputed that the injury occurred

in the State of Virginia. Thus, the substantive laws of the State of Virginia apply to Boone's claims.

To recover on a negligence claim in Virginia, "a plaintiff must establish: (1) that a defendant owed plaintiff a duty, (2) that defendant breached that duty, and (3) that the breach of duty proximately caused plaintiff to suffer damages." *Allard v. Laroya*, 163 F. Supp. 3d 309, 313 (E.D. Va. 2016). "Moreover, as the Supreme Court of Virginia has made clear, 'an [employee] has tort liability for injuries to a third party for injuries resulting from an [employee's] negligent act while acting within the scope of his employment by the employer.'" *Id.* (alteration in original) (quoting *Miller v. Quarles*, 410 S.E.2d 639, 642 (Va. 1991)). Employees and employers can be liable jointly and severally. *Sit-Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921, 929 (4th Cir. 1984).

The Court will begin with the first alleged act of negligence: "fail[ing] to implement necessary guidelines, procedures, and standards in the loading of products onto trailers to prevent the loads from shifting or collapsing when the trailer is opened." Defendants primarily lean on a distinction between torts of "misfeasance" and "nonfeasance" in support of their claim that Moran did not have a duty to establish adequate safety procedures and standards. Under this theory, an employee "may be held liable only for affirmative acts of negligence" committed in the scope of employment, not merely "because he or she is guilty of an omission." *Cruz v. Krispy Kreme Doughnut Corp.*, No. 3:15cv257, 2015 WL 5970338, at *3 (E.D. Va. Oct. 13, 2015). Multiple federal district courts have endorsed this theory, *e.g.*, *id.*, but they all trace the distinction between misfeasance and nonfeasance to one short Virginia Circuit Court opinion from 1993, *Harris v. Morrison, Inc.*, 32 Va. Cir. 298, *1 (1993).

5

Since the *Harris* case, however, other Virginia courts have disagreed with the misfeasance-nonfeasance dichotomy. Most notably, the court in *Hope v. Commonwealth*, 92 Va. Cir. 6 (2015), held that, based on the facts alleged, a state employee defendant was "negligent in the performance of a duty to the traveling public" by failing to order repairs of part of a highway, even though his alleged negligence constituted an omission. This competing precedent demonstrates that, in at least some circumstances, it is possible under Virginia law for an employee to be held liable for negligent omissions and undermines the claim that Moran lacked a duty to establish safety standards and procedures merely because failure to do so would constitute an omission. Because this Court is required to construe questions of law and fact in favor of the non-moving party, the Court finds that this act of negligence can support a claim for relief against Moran under Virginia law.

Next, Defendants argue that there is no possibility of liability against Moran under this claim because of the *Savage* rule and the Federal Motor Carrier regulations. Defendants assert that the Fourth Circuit's decision in *United States v. Savage Truck Line, Inc.*, 209 F.2d 442 (4th Cir. 1953), precludes liability from a shipper (here, Duffy Box and its employees) for accidents resulting from improper loading because the carrier (Cowan and Mr. Boone) generally bears the responsibility for securing a load in compliance with federal safety regulations.

However, the Fourth Circuit's decision in *Savage* affirmed the judgment awarded to a third party against *both* the shipper and the carrier, and it only established a rule for indemnity between the two, such that the carrier would bear a greater weight of liability. *Id.* at 448. Contrary to Defendants' broad assertions, *Savage* merely stands for the proposition that, absent a pre-existing agreement, "the primary contractual duty as to safe loading is upon the carrier and . . . the failure to perform the duty is a weighty factor in identifying the principal offender and

saddling him with the liability of the indemnitor, notwithstanding the initial negligence of the shipper in loading the goods of which the carrier had notice." *Gen. Elec. Co. v. Moretz*, 270 F.2d 780, 789 n.6 (4th Cir. 1959). The two Virginia cases discussing *Savage* that the Court could identify also rely on it as an implied rule of indemnity, not as a form of immunity from suit. *See Hostetter v. Pilot Freight Carriers, Inc.*, 15 Va. Cir. 528 (1979); *Va. Transit Co. v. Massey, Wood & West, Inc.*, 14 Va. Cir. 392 (1969). As a result, assuming that the *Savage* rule applies in Virginia, Duffy Box and Moran can still be held liable for the injury resulting from the negligent loading of the truck, even if Cowan and Mr. Boone knew that the truck had been improperly loaded. *Savage* is applicable only to the extent that Duffy Box may ultimately have a claim for indemnification against Cowan.

Finally, Defendants assert that Duffy Box would be vicariously liable for any injury resulting from tortious conduct by Brian Moran, and thus that Plaintiff is not truly attempting to recover a judgment against Moran. As a result, Defendants request this Court to dismiss Moran as fraudulently joined or as a dispensable party under Rule 21 of the Federal Rules of Civil Procedure.

However, the possibility of vicarious liability does not preclude Brian Moran from being jointly and severally liable for his tortious conduct. And when a court conducts a fraudulent joinder analysis, "the crucial question pertains to the likelihood of liability, not the likely success of collection efforts." *Myers v. Air Serv Corp.*, No. 1:07cv911, 2008 WL 149136, at *2 (E.D. Va. 2008). Thus, the question of whether Plaintiff would ultimately recover damages from Moran is clearly distinct from a potential finding of liability for purposes of proving fraudulent joinder. And because, as stated above, the Defendants have not met their heavy burden of proving that Moran could not be held liable, the Court must remand.

7

As for dismissal as a dispensable party, this Court does have the discretion to drop dispensable non-diverse parties under Rule 21. However, assuming that Moran was always acting within the scope of his employment and thus is a dispensable party, Defendants have not provided a sufficient reason for the Court to exercise its discretion and dismiss him. Rule 21 has generally been applied to suits that had complete diversity at the time of filing and the challenge to diversity did not arise until "after the parties had engaged in significant litigation" in federal court. *Rouse v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-cv-690, 2015 WL 3849648, at *4 (M.D.N.C. June 22, 2015). And "federal courts have frowned on using the Rule 21 vehicle to conjure removal jurisdiction that would otherwise be absent." *Rouse v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-cv-690, 2015 WL 3849648, at *5 (M.D.N.C. June 22, 2015) (internal alterations omitted) (quoting *Brown v. Endo Pharm. Inc.*, 38 F. Supp. 3d 1312, 1326–27 (S.D. Ala. 2014)). This is because it would circumvent the strict nature of the removal statute and the high burden of proving fraudulent joinder "simply by appealing to the court's discretion." *Id.* Additionally, it would prejudice Plaintiff by requiring her to simultaneously pursue a state action against Moran and a federal action against the remaining Defendants. Thus, the Court declines to exercise its discretion to drop Moran from this matter.

Because Defendants have not met their high burden of proving that there is no possibility of relief against Moran, Plaintiff's Motion to Remand must be granted.

### III. MOTION TO DISMISS

Because this Court does not have subject matter jurisdiction over this case, Defendants' Motion to Dismiss must be denied without prejudice.

## IV. MOTION FOR COSTS

Plaintiff also moves for attorney's fees and costs associated with the filing of this Motion. However, while Defendants were not successful in establishing fraudulent joinder, Defendants made several reasonable legal arguments in support of its opposition to remand. The Court concludes that the Defendants had an objectively reasonable basis for seeking removal, and thus the Court declines to exercise its discretion to grant costs and attorney's fees in this matter.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**, and Defendant's Motion to Dismiss (Doc. No. 4) is **DISMISSED WITHOUT PREJUDICE**. Further, the Court declines to exercise its discretion to award costs or attorney's fees in this matter.

**SO ORDERED.**

Signed: December 6, 2017

Graham C. Mullen
United States District Judge